**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LUCIOUS CLARENCE CONWAY,**

        **Plaintiff,**

-vs-                                        Case No. 6:05-cv-1714-Orl-22KRS

**OFFICER LONNIE TAYLOR; OFFICER**
**STEVEN VAZQUEZ; CITY OF SANFORD;**
**BRIAN TOOLEY, Police Chief of Sanford, Florida;**
**and JOHN DOES, individually and in their official**
**capacity,**

        **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **DEFENDANTS TAYLOR, CITY OF SANFORD AND TOOLEY'S MOTION TO STRIKE OR IN THE ALTERNATIVE MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND REQUEST TO PRODUCE (DOC. NO. 49)**
>
> **FILED:** June 28, 2006
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

Defendants Taylor, City of Sanford, and Tooley seek an order striking Plaintiff Conway's Complaint or, in the alternative, compelling responses to interrogatories and a request to produce documents served on Conway by these defendants.

Pursuant to the Case Management and Scheduling Order, Conway was required to file a response to this motion within eleven days after it was served, plus three days for mailing time. Doc. No. 30 at 6 n.1. Conway has not filed a response to the motion as of the writing of this order, and the time for doing so has passed. Therefore, I treat the motion as unopposed.

Taylor, City of Sanford, and Tooley request that the Court strike the Complaint. This sanction is too severe, considering that Conway has not yet been ordered to produce the discovery in dispute. Accordingly, the motion to strike the Complaint is **DENIED**.

The motion to compel Conway to provide further responses to the interrogatories and to produce documents responsive to the request for production of documents is **GRANTED**. It is **ORDERED** that, on or before August 2, 2006, Conway shall serve on counsel for the defendants supplemental sworn answers to interrogatories numbered 2 through 25. Conway's objections to these interrogatories as overly broad, burdensome, irrelevant, and invasions of privacy may not be relied upon in the supplemental answers because Conway failed to respond to the motion to compel with evidence and legal authority supporting those objections. Conway also may not raise other objections in his supplemental answers because the time for asserting objections has passed.

It is further **ORDERED** that, on or before August 2, 2006, Conway shall produce documents responsive to the defendants' request for production of documents numbered 1, 2, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, and 25 for inspection and copying by counsel for the movants. To the extent that Conway raised objections other than privileges and protections, those protections are now unavailing as a result of Conway's failure to support those objections with

evidence and legal authority in response to the motion to compel. Conway also may not raise other objections in his supplemental answers because the time for asserting objections has passed.

To the extent that Conway asserts that responsive documents, or portions thereof, are privileged or protected, he must assert those objections as to each document or portion thereof withheld from production in a privilege log[1] served on or before August 2, 2006.

Taylor, City of Sanford, and Tooley also seek an award of the reasonable expenses they incurred in bringing the present motion. Such relief is provided for under Federal Rule of Civil Procedure 37(a)(4) when a motion to compel is granted and there is no showing that the objections made to the discovery were substantially justified or that other circumstances make an award of expenses unjust. Having filed no response to the motion, Conway has not presented any basis to conclude that his objections were substantially justified or that other circumstances make an award of expenses unjust. Therefore, the request for an award of expenses is **GRANTED**. Accordingly, it is **ORDERED** that, on or before August 18, 2006, Lucious Clarence Conway shall tender to Dean, Ringers, Morgan & Lawton, P.A., counsel for Taylor, City of Sanford, and Tooley, the sum of $150.00, to compensate the movants, in part, for the attorneys' fees they incurred in filing the motion to compel.

---

[1] A privilege log must identify each document or item of information withheld pursuant to a claim of privilege or protection by date, author, recipients (including recipients of copies), specific privilege or protection claimed and must describe the subject matter of each document or item of information withheld in sufficient detail to permit opposing counsel and the Court to assess the applicability of the claimed privilege or protection. Fed. R. Civ. P. 26(b)(5); *Golden Trade S.r.L. v. Lee Apparel Co.*, Nos. 90 Civ. 6291 (JMC), 90 Civ. 6292 (JMC) and 92 Civ. 1667 (JMC), 1992 WL 367070, at *5, (S.D.N.Y. Nov. 20, 1992) (quoting *von Bulow v. von Bulow*, 811 F.2d 136, 144 (2d Cir. 1987)). The privilege log must be adequate on its face to establish prima facie support for the claimed privilege or protection.

Conway is cautioned that failure to abide by this order may result in further sanctions, which may include striking his complaint and dismissing this case.

**DONE** and **ORDERED** in Orlando, Florida on July 19, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties