**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LUCIOUS CLARENCE CONWAY,**

        **Plaintiff,**

-vs-                                                       Case No. 6:05-cv-1714-Orl-22KRS

**OFFICER LONNIE TAYLOR; OFFICER**
**STEVEN VAZQUEZ; CITY OF SANFORD;**
**BRIAN TOOLEY, Police Chief of Sanford, Florida;**
**and JOHN DOES, individually and in their official**
**capacity,**

        **Defendants.**

_____

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** DEFENDANTS TAYLOR, VAZQUEZ, TOOLEY AND CITY OF SANFORD'S MOTION FOR SANCTIONS IN THE FORM OF DISMISSAL AND STRIKING OF CLAIMS OR, IN THE ALTERNATIVE, MOTION TO STRIKE WITNESS AND REQUEST FOR ATTORNEY'S FEES (Doc. No. 76)
>
> **FILED:** January 5, 2007

The transcript of the deposition of Lilly Williams filed in support of the motion reflects that Plaintiff Lucious Conway repeatedly and improperly instructed the witness not to answer questions posed by counsel for the defendants. Conway also walked out of the deposition, thereby

terminating it, without following the procedure set forth in Federal Rule of Civil Procedure 30(d)(4).

Rule 30(d)(1) provides that "[a] person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under rule 30(d)(4)." There were no privileges to be preserved in Williams' deposition. Because Conway is not a lawyer, his conversations with Williams cannot be protected by the attorney-client privilege. The work product doctrine does not preclude a nonparty witness from revealing information the witness learned through discussions with Conway. *Cf. Geico Cas. Co. v. Beauford*, No. 8:05-cv-697-T-24EAJ, 2006 WL 2789013, at * 6 (M.D. Fla. Sept 26, 2006)(requiring deponent who was an attorney to "testify to the facts he has learned, the persons from whom he learned such facts, [and] the existence or non-existence of documents . . . ."). Moreover, there is no court-ordered limitation on the deposition of Williams. Finally Conway did not present a motion under Rule 30(d)(4) with respect to the deposition. Accordingly, Conway's conduct at the deposition of Lilly Williams was improper and frustrated the fair examination of the deponent. *See* Rule 30(d)(3).

Accordingly, it is **ORDERED** that the deposition of Lilly Williams shall be reopened at a date on or before February 16, 2007, time and place to be scheduled by the defendants. Pursuant to Federal Rule of Civil Procedure 30(d)(3), Conway shall pay the expenses of the court reporter and any other expenses attendant to the reopening of the deposition. Conway may attend the deposition, but he may not assert any objections during the deposition, and he may not terminate the deposition. Any objections he may have to the deposition may be asserted in writing at such

time as any party seeks to rely upon the deposition in support of or in response to motions or at trial.

Conway is cautioned that failure to abide by this Order may result in imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f) and 37 and the inherent authority of the Court. I will withhold ruling on the present motion for sanctions until the deposition of Williams is completed and counsel for the defendants advise the Court as to whether Conway complied with the requirements of this order.

The Clerk of Court is directed to deliver this order to Conway at this address of record. Conway is admonished that he must keep his address current. It is further ORDERED, due to Conway's complaints that he had not received documents mailed to his address of record, that Conway must also review the docket of this case on the computers available at the Office of the Clerk of the Court each week to ensure that he is aware of all documents filed in this case.

**DONE** and **ORDERED** in Orlando, Florida on February 2, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties